**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**UNITED STATES OF AMERICA**

**v.** **No. 5:24-CR-00151-JKP**

**THOMAS WARFIELD**

# ORDER

Before the Court is Defendant Thomas Warfield's ("Defendant") Motion to Suppress, (*ECF No. 146*), to which the Government filed a Response, (*ECF No. 147*). Upon consideration, Defendant's Motion to Suppress, (*ECF No. 146*), will be denied.

## BACKGROUND

On April 3, 2024, a grand jury returned the Indictment in this case charging Defendant Thomas Warfield ("Defendant") with a sole count of violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C) (prohibiting and penalizing the unlawful manufacturing, distribution, dispensing, or possession with intent to distribute controlled substances). *ECF Nos. 3, 4*. Later, on June 4, 2025, a grand jury returned the Superseding Indictment, which added violation of a conspiracy statute, in this case charging Defendant with two counts: (1) violation of Title 21, United States Code, Sections 846, 841(a)(1) & (b)(1)(C); and (2) violation of Title 21, United States Code, Sections 841(a)(1) & (b)(1)(C). *ECF Nos. 60, 61*.

## LEGAL STANDARDS AND ANALYSIS

### I. Evidentiary Hearing

Evidentiary hearings on motions to suppress are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief." *U.S. v. Rogers*, 481 Fed. Appx. 157, 158 (5th Cir. 2012) (unpublished) (citing *United States v. Harrelson,* 705 F.2d 733, 737 (5th Cir.1983)).

The court must determine whether the allegations set forth in the defendant's motion, including any accompanying affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Id.* at 158–159 (internal quotation marks and citations omitted). If so, a hearing is required. *Id.* at 159 (citing *United States v. Smith,* 546 F.2d 1275, 1279–80 (5th Cir.1977); *United States v. Poe,* 462 F.2d 195, 197 (5th Cir.1972)).[1]

Here, although Defendant requests a hearing on his Motion to Suppress, the Court finds for the reasons below that—based on Fifth Circuit case law addressing this issue—Defendant has not presented a substantial claim.

### II. Invocation of Right to Counsel

In Defendant's Motion to Suppress, Defendant argues the following statement made during questioning, "And, uh, I don't know what to do. You know? I really don't know. I'm lost. I wish I had a lawyer. I don't have a lawyer," sufficiently invoked his right to counsel. *ECF No. 146* at 1. Attached to Defendant's Motion is a four-page excerpt from the transcript of Defendant's questioning. *ECF No. 146-1*.

---

[1] The Fifth Circuit reviews a district court's decision not to conduct an evidentiary hearing for abuse of discretion. *U.S. v. Rogers*, 481 Fed. Appx. 157, 159 (5th Cir. 2012) (unpublished) (citing *Harrelson,* 705 F.2d at 737). If the district court erred in failing to conduct an evidentiary hearing, the error is subject to the harmless error standard. *Id.* at 159 (citing *United States v. Powell,* 354 F.3d 362, 370 (5th Cir.2003)).

In its Response, the Government claims this statement does not a represent an unambiguous and unequivocal invocation of Defendant's right to counsel. *ECF No. 148* at 5. The Government submitted to the Court the full transcript of Defendant's questioning as well as a video recording of Defendant's questioning. *See ECF No. 148-1*; Govt's Exhibit (Video Recording).

As articulated by the Fifth Circuit:

> "[A]n accused has a Fifth and Fourteenth Amendment right to have counsel present during custodial interrogation." *Edwards v. Arizona,* 451 U.S. 477, 482 [] (1981) (citing *Miranda v. Arizona,* 384 U.S. 436 [] (1966)). "[A]n accused, . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Id.* at 484–85 []. However, when a suspect invokes his right to counsel, the police do not have to immediately provide counsel; they only have to stop questioning the suspect without counsel. In *Duckworth v. Eagan*, 492 U.S. 195 [] (1989), the Supreme Court explained, "*Miranda* does not require that attorneys be producible on call, but only that the suspect be informed . . . that he has the right to an attorney before and during questioning . . . . If the police cannot provide appointed counsel, *Miranda* requires only that the police not question a suspect unless he waives his right to counsel." *Id.* at 204 []. For this reason, the *Duckworth* Court held that police did not mislead a suspect about his *Miranda* rights by informing him in writing that "[w]e have no way of giving you a lawyer, but one will be appointed for you, if you wish, if and when you go to court." *Id.* at 198 [].
>
> Further, a suspect's ambiguous reference to counsel is not enough to trigger the requirement that police must immediately stop questioning the suspect. "[I]f a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel, [the Supreme Court's] precedents do not require the cessation of questioning." *Davis v. United States,* 512 U.S. 452, 459 [] (1994). Rather, a suspect "must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. If the statement fails to meet the requisite level of clarity, *Edwards* does not require that the officers stop questioning the suspect." *Id.*

*U.S. v. Carrillo*, 660 F.3d 914, 922 (5th Cir. 2011).

The Court highlights the Fifth Circuit's *Carrillo* decision because the defendant there made the same argument Defendant does here, based on his statement: "I just man, I'm not gonna lie to you **I wish I had a lawyer** right here knowing that you know it's gonna I mean I'm gonna work with y'all I'm telling you I'm gonna tell you everything." *Carrillo*, 660 F.3d at 922–924 (emphasis added). The Fifth Circuit held under the circumstances of that case—"where Carrillo clearly knew that he could bring the interview to an end by saying he did not want to talk to the detectives further without an attorney present"—Carrillo's comment "was ambiguous at best." *Id*.

The Fifth Circuit explained Carrillo's comment "certainly expressed Carrillo's *preference* to have an attorney present; however, the fact that Carrillo kept talking and said 'I'm going to tell you everything' tended to indicate that he also desired to keep the interview going and not to end it by invoking his right not to be questioned without an attorney present." *Id*. The Court recognizes a distinguishing factor between this case and *Carrillo*, however, is that Carrillo engaged in an interview the day prior that ended with Carrillo's invocation of his right to have an attorney present during questioning. *Id*. Still, the facts in this case are similar to "the circumstances [in *Carrillo* which] tended to show that Carrillo wanted to continue talking to the detectives, or at least that he was still making up his mind about whether to keep talking, and that he knew he could end the interview at any time if he chose to do so." *Id*.

In *Carillo*, the Fifth Circuit specifically found a defendant's "clear[ knowledge] that he [or she] could bring an interview to an end by saying he [or she] did not want to talk to [agents] further without an attorney present" to be an important factor to consider. *Carrillo*, 660 F.3d at 922–924. In the first two minutes of the video recording of Defendant's questioning he is presented with a written copy of his *Miranda* rights, which one of the agents then reads aloud to

him. *ECF No. 148-1* at 1. When asked "Do you understand your rights?" Defendant answers affirmatively and nods his head. *See id*; *see also* Govt's Exhibit (Video Recording) at 1:10–1:50. Defendant then proceeds to answer the agents' questions for the remainder of the interview.

Defendant utters the statement at issue, "And, uh, I don't know what to do. You know? I really don't know. I'm lost. I wish I had a lawyer. I don't have a lawyer," twenty-eight minutes into the interview. *ECF No. 146* at 22. Defendant makes this statement as an aside, while discussing his belief that an acquaintance named "Brandy Young" is being paid "for snitching on people." *Id*. Following this aside, Defendant continues with the interview's previous topic of discussion—a past stabbing incident at his house—picking up where it left off. *See id*. at 21–23. Defendant proceeds to speak with agents for almost an hour more. *See ECF Nos. 146, 148*. Defendant's comment "when viewed in isolation" could appear to constitute a clear invocation of Defendant's right to have counsel present. *Carrillo*, 660 F.3d at 922. However, considering the entire context in which Defendant made the comments, a reasonable agent would not have understood him to be saying he wanted to stop talking with the agents without an attorney present.

Thus, without more, the Court finds the circumstances tend to show Defendant wanted to continue talking to the agents, or at least that he was still making up his mind about whether to keep talking, and that he knew he could end the interview at any time if he chose to do so. *Carrillo*, 660 F.3d at 922–924. Accordingly, the Court concludes Defendant did not clearly invoke his right not to be questioned without an attorney present.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Suppress, (*ECF No. 146*), is **DENIED**.

It is **SO ORDERED**.

(Signature on next page).

SIGNED this 25th day of August, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE